**NOT FOR PUBLICATION**

FILED

AUG 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESTER J GARCIA MORALES; SHEYLA MONROY TAY; L. J. I. G. M.; I. G. M.; J. G. M.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Attorney General,<br><br>Respondent. | No. 25-1760<br><br>Agency Nos.<br>A240-533-133<br>A240-533-134<br>A240-533-135<br>A240-533-137<br>A245-371-133<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2026
Pasadena, California

Before: PAEZ and BUMATAY, Circuit Judges, and KASUBHAI, District Judge.**
Partial Concurrence and Partial Dissent by Judge BUMATAY.

Lester J. Garcia Morales ("Garcia Morales" or "Petitioner"), Sheyla Monroy Tay, and their three minor children (collectively, "Petitioners"), natives and citizens of Guatemala, petition for review of the decision of the Board of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Mustafa T. Kasubhai, United States District Judge for the District of Oregon, sitting by designation.

Immigration Appeals ("BIA") dismissing their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review factual determinations for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We grant the petition in part, deny the petition in part, and remand to the BIA for further proceedings.[2]

**1.** The record does not compel the conclusion that the harm Petitioners suffered rose to the level of persecution. Under our precedents, "death threats alone can constitute persecution" where the threats are "so menacing as to cause significant actual suffering or harm," and particularly when "combined with confrontation or other mistreatment." *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (internal citations omitted). As the agency explained, Petitioners were neither confronted nor physically harmed, and the murder of Garcia Morales's sister was not "part of 'a pattern of

---

[1] Garcia Morales's wife and children filed separate asylum applications and are derivative applicants of his asylum application.

[2] In a separate published opinion filed concurrently with this memorandum, we address Petitioners' arguments that the agency erred in denying their applications for asylum on the grounds that the Circumvention of Lawful Pathways Rule, 88 Fed. Reg. 31314 (May 16, 2023) (codified at 8 C.F.R. §§ 208.33, 1208.33) renders them ineligible for asylum, and that they did not establish that membership in their assumed particular social groups was or would be a central reason for their past or feared harm.

persecution closely tied to' [the petitioner] himself." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991)). Therefore, this is not a case where "any reasonable adjudicator would be compelled to conclude" that the harm Petitioners experienced amounted to persecution. 8 U.S.C. § 1252(b)(4)(B).

"Our review is limited to those grounds explicitly relied upon by the Board." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). Because the BIA did not determine whether Petitioners established a "well-founded fear" of future persecution, we remand for the agency to make this determination. 8 U.S.C. § 1101(a)(42)(A); *see, e.g., Lim,* 224 F.3d at 934–35 (holding the record compelled a finding that the petitioner established a well-founded fear of future persecution, but not past persecution).

**2.** Substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus to a family-based particular social group. Threats issued as an "instrumental means to obtain money" from a third party—like the threats against Garcia Morales's wife and children—do not compel the conclusion that the perpetrator was motivated "intrinsically by . . . familial relationship." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023). Nor did Petitioners present other evidence that Mara-18 members were motivated by "animus" towards the family unit. *Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021).

For these reasons, the record does not compel the conclusion that family membership was or would be "one central reason" Placido targeted Garcia Morales's wife and children. 8 U.S.C. § 1158(b)(1)(B)(i).

**3.** Petitioners forfeited their withholding of removal claim by failing to challenge the BIA's dispositive determination that they waived the claim in their opening brief. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). Therefore, we deny the petition for review as to withholding of removal.

**4.** We grant the petition for review as to CAT protection and remand for further consideration. To qualify for CAT relief, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

The agency's determination that Garcia Morales could relocate because his family members who remain unharmed in Guatemala are "similarly situated" cannot stand because it is based on speculation. *See Singh v. Garland*, 118 F.4th 1150, 1167 (9th Cir. 2024); *Ahmed v. Keisler*, 504 F.3d 1183, 1198 (9th Cir. 2007); *Zhao v. Mukasey*, 540 F.3d 1027, 1031 (9th Cir. 2008) ("[T]he well-being of others who have stayed behind in a country is only relevant when those others are similarly situated to the petitioners."). Neither the IJ nor BIA identified evidence that Garcia Morales's family members who safely live in Guatemala own taxi businesses, which is the reason he fears torture. Thus, the agency's assumption

that Garcia Morales's relatives face a similar fear of harm "rested on impermissible speculation." *Singh*, 118 F.4th at 1167.

The BIA also erred in denying Petitioners' CAT claims solely based on the possibility of internal relocation. Under CAT regulations, the agency must consider "all evidence relevant to the possibility of future torture," including evidence of past torture, evidence that a petitioner could relocate within the country of removal to avoid torture, evidence of "gross, flagrant or mass violations of human rights," and other country conditions evidence. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc); 8 C.F.R. § 1208.16(c)(3). Within this framework, "no one factor is determinative" of the possibility of future torture. *Maldonado*, 786 F.3d at 1164 (explaining that the agency's duty to consider "all relevant evidence" is "not limited to the possibility of relocation within the country of removal"). Thus, "[e]ven if the BIA correctly determin[]ed that [Garcia Morales] could safely relocate, it was error for the agency to end its inquiry there." *Hernandez v. Sessions*, 706 F. App'x 899, 902 (9th Cir. 2017).

On remand, the BIA must consider "all" factors relevant to the possibility of future torture. 8 C.F.R. § 1208.16(c)(3). For example, when Petitioners moved two hours away to escape Mara-18's death threats, Placido located them ten days later, left a note threatening to kill Garcia Morales and his family, and texted a photo of their new house with the warning that the family was under surveillance.

And when Garcia Morales traveled to a police station two hours away to report the threats, the police told him that Placido "had lots of reports, but he belonged to a very big band, criminal band, and they could not take action" unless he was caught in the act of murdering Garcia Morales.

For these reasons, we grant the petition for review as to CAT protection and remand for further consideration.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.**

Petitioners shall recover their costs on appeal.

FILED

AUG 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Garcia Morales, et al. v. Blanche*, No. 25-1760
BUMATAY, Circuit Judge, concurring in part and dissenting in part:

Substantial evidence supports the Board of Immigration Appeals ("BIA") denial of Convention Against Torture ("CAT") protection because Petitioners did not establish that they couldn't safely relocate in Guatemala. We should not have disturbed the agency's CAT findings.

The IJ, the BIA, and the majority all agreed that Petitioners "were never harmed in Guatemala, let alone persecuted, let alone tortured." The IJ denied CAT because, among other reasons, Petitioners would be able to relocate within Guatemala. The IJ noted that Petitioners' family members live in Guatemala and haven't been harmed. Indeed, none of these family members have been contacted by Placido about Petitioners. The IJ also observed that "similarly situated people" to Petitioners continue to live in Guatemala, not only in La Gomera where they are from but elsewhere in the country without any harm from Mara 18. "After considering weighing the evidence in the record separately and together with [Petitioners'] individualized experiences and the aggregate risk they face from all possible sources of torture," the IJ found "they have not demonstrated that the individual risk of torture in this case is likely or that any future torture likely would occur with the consent or acquiescence of a government official."

On appeal, the BIA agreed with the relocation finding given that "similarly

situated family members [who] continue to live in other areas of Guatemala without harm." The BIA rejected Petitioners' arguments regarding relocation since they amounted to "unsupported assertions" by counsel. Indeed, Petitioners didn't make any of the factual arguments that the majority relies on to the BIA.

While reasonable minds could disagree on these facts, the record does not compel the conclusion that Petitioners could not safely relocate in Guatemala. The agency's decision shows that it considered the totality of the circumstances, not just the possibility of relocation.

While I agree with denying the petition on the withholding claim, I respectfully dissent from the grant of the petition on the CAT claim.